# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| OLER ADAMS, JR., | ) |
| INMATE POPULATION and | ) |
| CONCERNED CITIZENS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. CIV-12-247-JHP-SPS |
| | ) |
| MARY FALLIN, GOVERNOR, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

This is a 42 U.S.C. § 1983 civil rights action commenced by Plaintiff, a state prisoner appearing *pro se*. Upon review of the Amended Complaint and for the reasons discussed below, the Court finds the amended complaint fails to state a claim upon which relief may be granted.

### *Background*

On June 5, 2012, the plaintiff filed the instant civil rights complaint naming himself, the "inmate population and concerned citizens"[1] as the plaintiffs and the State of Oklahoma and Mary Fallen (sic) as defendants and seeking an "immediate injunction." Thereafter, on June 18, 2012, the plaintiff filed an Amended Complaint which names as the sole defendant

---

[1] To the extent the amended complaint could be construed as an attempt to maintain a class action, a *pro se* prisoner has no right to bring an action on behalf of others. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)); *see also* 28 U.S.C. § 1654.

Mary Fallin, Governor. The plaintiff complains that his Fourteenth Amendment rights have been violated by the governor's issuance of an Executive Order banning tobacco products on all state owned or leased properties. He also claims violations of the Ex Post Facto clause and the Equal Protection clause of the United States Constitution as a result of said Executive Order.

## *Legal Analysis*

The Prison Litigation Reform Act of 1996 ("PLRA") provides that a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. *Hall*, 935 F.2d at 1110. After liberally construing Plaintiff's pro se pleadings, *see Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110, the Court concludes that, as discussed below, Plaintiff's allegations brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted.

As indicated previously, the plaintiff is suing the defendant for an executive order in which she banned smoking on state property claiming it violates his Fourteenth Amendment property rights, his Equal Protection rights and is an *ex post facto* order. All courts who have considered smoking bans within prisons, however, have concluded that they are constitutional. *Brashear v. Simms*, 138 F.Supp.2d 693 (D.Md. 2001) (prison anti-smoking policies do not violate the Equal Protection Clause); *Reynolds v. Bucks*, 833 F.Supp. 518 (E.D.Pa. 1991) (prison ban on smoking is not cruel and unusual punishment and does not violate equal protection and due process clauses); *Webber v. Crabtree*, 158 F.3d 460 (9th Cir. 1998) (concluding that the smoking ban imposed at federal prison camp did not implicate fundamental right and was rationally related to Bureau of Prisons' legitimate objective of protecting health and safety of inmates and staff by providing clean air environment, and thus did not violate equal protection rights of camp inmates who claimed that inmates in federal correctional institutions were permitted to use tobacco) and *Reynolds v. Bucks*, 833 F.Supp. 518, 520 (E.D.Pa. 1993) (prison smoking ban did not violate Eighth Amendment given widely recognized health hazards associated with cigarettes and given need to protect prison equipment from smoke damage). Since it is clear the plaintiff has failed to state a claim upon which relief may be granted, this court finds this action is frivolous and should, pursuant to 28 U.S.C. § 1915A(1), be dismissed.

It is, therefore, the order of this court that plaintiff's amended complaint is dismissed with prejudice for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's complaint (Dkt. # 1), as amended (Dkt. # 5), fails to state a claim upon which relief may be granted.

2. This action is dismissed with prejudice for failure to state a claim upon which relief may be granted.

3. Plaintiff's motion for immediate temporary injunction (Dkt. # 8) is denied.

4. Plaintiff's motion for service of summons (Dkt. # 9) is denied.

5. A separate judgment shall be entered in favor of the defendant and against plaintiffs.

It is so ordered on this __6th__ day of July, 2012.

James H. Payne
United States District Judge
Eastern District of Oklahoma